NOT FOR PUBLICATION

RECEIVED
NOV 19 2014
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN J. KARCHER

    Plaintiff,

v.

RICHARD DEPIERRO, TODD HENDERSON, EXECUTIVE FURNITURE SERVICES, INC. 401(K) PLAN, EXECUTIVE FURNITURE SERVICES, INC., and RED BANK PENSION SERVICES, INC.,

    Defendants.

Civ. No. 11-2911

MEMORANDUM ORDER

THOMPSON, U.S.D.J.

    On October 17, 2014, Plaintiff Brian J. Karcher filed a Motion for Summary Judgment on claims stated in his Amended Complaint pursuant to Federal Rule of Civil Procedure 56. (Docket No. 58). The Motion is unopposed. On November 13, 2014, the Court sent a letter to all counsel advising them that Plaintiff's Motion would be granted as unopposed. (Docket No. 59). Defendants have not responded to the Court's letter.

    Federal Rule of Procedure 56(a) states that "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." It is undisputed that Plaintiff was a participant in the Executive Furniture Services, Inc. 401(K) Plan (the "Plan") (Doc. No. 58, Ex. 22 at ¶ 1); that Defendants Richard DePierro and Todd Henderson were the sole trustees and administrators for the Plan, and the only persons with authority to take money out of the Plan (*id.* at ¶¶ 5-7, 51);

1

that Plaintiff made regular contributions to the Plan and, as of March 31, 2005 was informed that the balance in his share of the pooled Plan was $60,958.94 (*id.* at ¶¶ 10, 12); that when Plaintiff, who was the only employee left with money in the Plan, received his disbursement of his share of the Plan in March 2011, he only received $2,632.03 after taxes (*id.* at ¶¶ 10, 16); that Plaintiff had requested documents and information concerning the Plan from Defendants, which Defendants did not give him; (*id.* at ¶ 14); that Defendant DePierro received a letter from the third-party administrator of the Plan discussing improper transactions concerning the Plan and asking Defendants to redeposit certain funds back into the Plan (*id.* at ¶ 34); that Defendants DePierro and Henderson took all of their own money out of the Plan (*id.* at ¶ 60); that Defendant DePierro did not send Plaintiff annual reports, Form 5500s or other documents which reflected the total balance of the Plan assets (*id.* at ¶¶ 33, 39-40); that Plaintiff's share of the Plan as of March 31, 2005 would be worth between $109,608.79-$110,695.00 as of May 29, 2014 (*id.* at ¶ 66); and that Plaintiff is owed $3,600 in back wages from Defendants (*id.* at ¶ 67).

Accordingly, IT IS, on this 18th day of November, 2014, ORDERED that Plaintiff's Motion for Summary Judgment as to his claims in Counts One and Two of the Amended Complaint against Defendants DePierro and Henderson for the losses Plaintiff experienced to Plaintiff's share of the Plan under 29 U.S.C. §§ 1109, 1132 (Docket No. 27 at ¶¶ 44, 50-51) are GRANTED; and it is further

ORDERED that Plaintiff's Motion for Summary Judgment as to his claim in Count Three of the Amended Complaint against Defendants DePierro and Henderson for noncompliance with the requirements of 29 U.S.C. § 1132(c)(1)(B) (Docket No. 27 at ¶ 58) is GRANTED; and it is further

ORDERED that Plaintiff's Motion for Summary Judgment as to his claim in Count Six of the Amended Complaint against Defendants DePierro and Henderson for back wages is (Docket No. 27 at ¶ 2) is GRANTED.

A supplemental order providing amounts for Plaintiff's awards will be entered at a later date.

_____
ANNE E. THOMPSON, U.S.D.J.